In The

# UNITED STATES DISTRICT COURT

# DISTRICT OF MARYLAND

**MICHAEL FLORES**
**2855 West Pebble Rd. Unit 315**
**Las Vegas, Nevada 89123**

**Vs.**                                                             Case No.: _____

**VINCENT A. STILL**
**1951 POMETACOM Drive**                    **JURY TRIAL DEMANDED**
**Hanover Maryland**

## COMPLAINT

### Parties

1. Plaintiff, Michael Flores, is an individual citizen and resident of the State of Nevada, residing therein at 2855 West Pebble Rd. Unit 315, Las Vegas, Nevada 89123.

2. Defendant, Vincent A. Still, is a citizen and resident of the State of Maryland, residing therein at 1951 Pometacom Drive, Hanover, MD.

### Jurisdiction

3. Jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332.

4. The Plaintiff is a citizen of the State of Nevada, while the defendants is a citizen of the State of Maryland.

5. The amount in controversy, excluding interest and costs, exceeds $75,000.00, as required by 28 U.S.C. § 1332.

### Venue

6. The federal venue statute, 28 U.S.C. § 1391(b)(1), provides that venue is appropriate in a "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."

7. All of the defendants reside in the District of Maryland.

**Facts of the Incident**

8. On or about August 5, 2023, at or about 10:51 P.M. , Plaintiff was a passenger is a Lyft vehicle.

9. The Plaintiff had flown from his home in Las Vegas to Baltimore, where he entered the Lyft vehicle intending for it to drive him to his final destination in Washington, D.C.

10. At all times relevant to this lawsuit, Plaintiff was seated in the right rear seat and was wearing his three-point protection seatbelt.

11. At all times relevant to this lawsuit, Plaintiff's vehicle was proceeding properly and safely Northbound on the Baltimore-Washington Parkway at Maryland Route 32.

12. The Baltimore-Washington Parkway (Parkway) has multiple lanes for each direction of traffic. A large grassy meridian, approximately 20 yards wide, separated the opposing directions of the freeway. In certain sections, the meridian tapered into narrower points.

13. On the aforementioned date and at the aforementioned time, Defendant Still was operating his vehicle in the Southbound lanes of the Parkway. (In other words, he was traveling in the opposite direction of the Plaintiff and on the other side of the grassy meridian.)

14. On the aforementioned date and time, Defendant Still operated his vehicle in a careless, negligent, reckless, and unsafe manner, resulting in his vehicle leaving the Southbound

lanes of the Parkway, crossing over the grassy meridian, and entering the Northbound lanes of the Parkway.

15. After entering the Northbound lanes of the Parkway, the Still vehicle struck one or more vehicles, including the Lyft vehicle in which Plaintiff was a passenger.

16. The impact by the Stills vehicle caused the Lyft vehicle to violently lose control, spin, and end up off the roadway.

17. The impact was so severe that the Lyft driver was killed.

18. Although Plaintiff was wearing his seatbelt, the violent impact and movement of his vehicle caused his head and neck to severely flex and rotate in several directions and causing pain in his torso, mid- and lower back.  Plaintiff had difficulty breathing. Plaintiff observed the Lyft driver, Jatta, who was dead, resulting in shock and a tremendous emotional response.

19. Plaintiff was transported by emergency vehicle to the hospital.

**Liability Allegations**

20. The liability of Defendant Still consisted of, but is not limited to:

    a. Negligent operation of his vehicle.

    b. Failing to maintain proper control over his vehicle.

    c. Improperly crossing from the Southbound to the Northbound lanes of traffic.

    d. Improperly crossing over a meridian separating lanes of traffic.

    e. Failing to note the position of the Plaintiff and other vehicles on the roadways and to take necessary actions with regard thereto.

    f. Operating his vehicle in violation of the laws of the District of Columbia.

    g. Operating his vehicle in a careless, reckless, and unsafe manner.

    h.   Disregarding basic driver safety rules.

    i.   Operating his vehicle while under impaired and/or distracted conditions.

    j.   Other negligence.

**Damages**

21. As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and will have to continue to expend large sums of money in the future in an effort to effect a cure of his aforesaid injuries; has been unable to attend to his usual duties and occupation and may be unable to attend to the same for an indefinite time in the future, all to his great detriment and loss.

22. As a result of the aforementioned accident, Plaintiff sustained a concussion, post-concussion syndrome; injuries to the cervical, thoracic, and lumbar spine; pain radiating from the neck into his arms and hands; and severe emotional pain, including the emotional trauma related to observing and remaining in the vehicle with the driver's dead body. One or more of these injuries are permanent in nature. Some injuries are not yet known.

23. Plaintiff has met the requirements of any and all applicable No-Fault laws.

WHEREFORE, Plaintiff demands judgment against the defendantfor a sum in excess of $150,000.00.

                                        THE LENTO LAW GROUP

                                        BY:  *Lawrence A. Katz, Esquire*
                                                  LAWRENCE A. KATZ
DMD Bar # 26686
1814 RT 70 STE 321
Cherry Hill , NJ 08003
P: (856) 652-2000  EXT 497
F: (856) 375-1010
Email:  lakatz@lentolawgroup.com